```
             ___ FILED        ___ LODGED
             ___ RECEIVED     ___ COPY

                  JUN 13 2005

              CLERK U S DISTRICT COURT
              DISTRICT OF ARIZONA
             BY_____DEPUTY
```

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Beverly A. Beuter, an individual, )<br><br>Plaintiff, )<br><br>vs. )<br><br>Canyon State Professional Services, Inc., )<br>an Arizona corporation; and Ronald )<br>Wilson, an individual, )<br><br>Defendants. ) | No. CV-04-1331-PHX-DGC<br><br>**ORDER** |

    Pending before the Court are the parties' motions for summary judgment and Plaintiff's motion to strike and for sanctions.  Docs. #16, 18, 29.  For the reasons set forth below, the Court will grant the motions for summary judgment in part and deny Plaintiff's motion to strike and for sanctions.

### Background

    In January 2004, Desert Club Apartments ("Desert Club") obtained a civil judgment against Plaintiff in the total amount of $1,496.02, which included $90 in attorney's fees.[1]  Desert Club assigned Plaintiff's alleged debt to Defendant Canyon State Professional Services ("Canyon State") for collection purposes.  This action arises out of attempts by Canyon State and its vice president, Ronald Wilson, to collect the debt from Plaintiff.

---

[1]The judgment was obtained in the Northeast Phoenix Justice Court, No. CV04-445fd (Jan. 26, 2004) ("Justice Court Suit").

Plaintiff commenced this action by filing a verified complaint alleging that Defendants violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Doc. #1.  The complaint alleges in part that Defendants violated:  (1) §1692e by using objectively false, deceptive, or misleading representations or means in attempting to collect the debt and by falsely representing the amount and legal status of the debt; (2)  § 1692f by attempting to collect amounts not expressly authorized in the lease agreement between Plaintiff and Desert Club or permitted by law; and (3) § 1692g by failing to provide Plaintiff with written notice of her rights regarding the debt in Defendants' initial collection communication or within five days thereafter.  *Id.* ¶ 42(a)-(h).  The complaint seeks actual damages, $1000 in statutory damages, and reasonable attorney's fees and costs.  *Id.* at 10 (citing § 1692k(a)(1)-(3)).

## Discussion

### I.       Summary Judgment Standard.

Summary judgment is appropriate if the admissible evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994).  Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Jesinger*, 24 F.3d at 1130.  Similarly, to preclude summary judgment the dispute must be genuine, that is, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.  Because "[c]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are jury functions, not those of a judge, . . . [t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)).

## II.     Analysis.

### A.     Defendants' Attempt to Collect $291 in Legal Fees from Plaintiff.

It is undisputed that Defendants attempted to collect from Plaintiff the total amount of $4,295.95, which included $291 in legal fees. Docs. ##1 Ex. B, 17 Exs. 3-4, 6. Both sides argue that they are entitled to summary judgment with respect to Defendants' attempt to collect the $291 in legal fees. Docs. ##16 at 4-7, 18 at 15-17. Relying on an unpublished decision issued by this district court in another case, Defendants argue that their attempts to collect the $291 in legal fees did not violate §§ 1692e-f of the FDCPA as a matter of law because they "sought to collect precisely the amount they were instructed to collect by [Desert Club.]" Doc. #16 at 2, 4-7 (emphasis in original) (citing *Anderson v. Canyon State Prof'l Servs., Inc.*, No. CV-03-428-PHX-JWS (D. Ariz. Sept. 1, 2003)).[2]

Plaintiff argues that Defendants violated § 1692f(1) as a matter of law by seeking to collect an amount of legal fees that was not expressly authorized by the lease agreement or permitted by law. Doc. #18 at 15-16.[3] Plaintiff further argues that Defendants violated § 1692e(2)(A) by falsely representing the amount of legal fees Plaintiff owed under the lease agreement. *Id.* at 17.[4] Regarding Defendants' reliance on *Anderson*, Plaintiff contends that the district court incorrectly applied the FDCPA and misinterpreted various court decisions, including this district court's decision in *Axtell v. Collections USA, Inc.*, No. CV-02-536-

---

[2]The district court in *Anderson* stated in a footnote that the defendants did not violate §§ 1692e-f because they "sought to collect precisely the amount [the] creditor stated was owing." No. CV-03-428-PHX-JWS, at 14 n.58.

[3]Section 1692f provides, in pertinent part: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . . [T]he following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

[4]Section 1692e provides, in pertinent part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . [T]he following conduct is a violation of this section: . . . (2) The false representation of – (A) the character, amount, or legal status of any debt[.]"

1   PHX-DKD (D. Ariz. Oct. 22, 2002).   Doc. #18 at 4-5.   Plaintiff further contends that

2   *Anderson* is in direct conflict with other decisions of this district court. *Id.* at 11-12 (citing

3   *Boatley v. Diem Corp.*, No. CV-03-762-PHX-SMM (D. Ariz. Mar. 24, 2004); *Guzman v.*

4   *U.S. Collections W., Inc.*, No. CV-03-735-PHX-DKD (D. Ariz. Dec. 23, 2003)). In a notice

5   of recent ruling on point, Plaintiff cites this district court's decision in *Reichert v. National*

6   *Credit Systems, Inc.*, No. CV-03-1740-PHX-RGS (D. Ariz. Mar. 31, 2005). Doc. #26.[5] The

7   district court in *Reichert* concluded that *Anderson* actually supported the plaintiff's position

8   that the addition of legal fees to the principal obligation the defendants sought to collect

9   violated § 1692f(1). No. CV-03-1740-PHX-RGS, at 3-5.

10       The Court agrees with the analysis in *Reichert*. The lease agreement between Plaintiff

11   and Desert Club provides that "to enforce the [l]ease, the *prevailing party* may recover

12   reasonable attorney's fees[.]" Doc. #17 Ex. 6 (emphasis added).   Desert Club was awarded

13   $90 in legal fees as the "prevailing party" in the Justice Court Suit against Plaintiff. *Id.*   The

14   $90 in legal fees was thus expressly authorized by the lease agreement. *Id.*

15       Defendants, however, sought to collect a total of $291 in legal fees from Plaintiff. *Id.*

16   Because there has been no judicial determination that either Desert Club or Defendants were

17   "prevailing parties" with respect to the extra $201 in legal fees Defendants sought to collect,

18   that amount is not expressly authorized by either the lease agreement or by statute.   *See*

19   *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598,

20   603 (2001) (stating that "a 'prevailing party' is one who has been awarded some relief by [a]

21   court"); *Bennett v. Yoshina*, 259 F.3d 1097, 1101 (9th Cir. 2001) ("We hold that to qualify

22   as a 'prevailing party' . . . a party must obtain a 'judicially sanctioned change in the legal

23   relationship of the parties.'") (quoting *Buckhannon*, 532 U.S. at 603).   Defendants thus

24

25   _____

26   [5]Defendants have filed a response to Plaintiff's notice, which is the basis of Plaintiff's
     motion to strike and for sanctions. *See* Docs. ##27-31. The Court will deny the motion

27   because Defendants were entitled file a response to Plaintiff's notice and although the
     response is lengthy compared to Plaintiff's two-paragraph notice, Rule 11 sanctions are not

28   warranted.

violated § 1692f(1) as a matter of law when they attempted to collect a total of $291 in legal fees from Plaintiff. *See Reichert*, No. CV-03-1740-PHX-RGS, at 3-5 (rejecting the defendants' argument that under *Anderson* they did not violate the FDCPA because they sought to collect precisely the amount the creditor claimed was owed and stating: "Here, at the time the $225 attorney fee was added to the amount of the initial debt, there had been no judicial proceeding and no determination that Defendants were 'prevailing parties.' Accordingly, Defendants' attempt to collect $225 in attorneys' fees violates the FDCPA as they are attempting to collect an amount not expressly found in the agreement."); *Boatley v. Diem Corp.*, No. CV-03-762-PHX-SMM, at 6-7 (D. Ariz. Mar. 24, 2004) (granting the plaintiff's motion for partial summary judgment on the issue of liability under § 1692f and stating: "[T]he amount of attorney's fees agreed to by the Plaintiff in the original lease agreement was the amount awarded in the judgment, or $86.00. Defendants' attempt to collect an additional $97.00 results in a violation of the FDCPA, as they were attempting to collect an amount of fees and costs not expressly found in the agreement or the judgment."); *Guzman v. U.S. Collections W., Inc.*, No. CV-03-735-PHX-DKD, at 3-4 (D. Ariz. Dec. 23, 2003) (granting the plaintiff's motion for partial summary judgment and stating: "By the plain terms of the agreement, the 'prevailing party may recover reasonable attorney's fees.' . . . Because there has been no determination of who is the 'prevailing party' entitled to collection of fees, the Court finds that the amount was not authorized by either the agreement or by statute."); *Axtell v. Collections USA, Inc.*, No. CV-02-536-PHX-DKD, at 3-5 (D. Ariz. Oct. 22, 2002) (same).[6] Defendants also violated § 1692e(2)(A) as a matter of law because they falsely represented the amount of Plaintiff's debt by listing the unauthorized attorney's fees in their communications with Plaintiff. *See Boatley*, No. CV-03-762-PHX-SMM, at 10.

---

[6] *Cf. Reed v. U.S. Collections W., Inc.*, No. CV-02-1214-PHX-VAM, at 4-7 (D. Ariz. Jan. 27, 2004) (granting the plaintiff's motion for partial summary judgment and stating: "[A]t the time defendant USCW issued the demand letter . . . incorporating the 40% collection fee as part of the debt owed, defendant had not prevailed in any legal action . . . . As a result, defendant USCW was not . . . a 'prevailing party' under the rental agreement and thus, was not entitled to demand a collection fee.").

1   The Court will accordingly deny Defendants' motion for summary judgment and grant
2   Plaintiff's cross-motion with respect to this issue.

3   **B.     The Handwritten Notation on the Justice Court Suit Judgment.**

4   Plaintiff argues that Defendants also violated § 1692e(2)(A) as a matter of law by
5   falsely representing the legal status of $2175.96 of Plaintiff's alleged debt. Doc. #18 at 15.
6   Plaintiff relies on a handwritten notation on a copy of the judgment in the Justice Court Suit
7   that states, "total judgement (incl. concessions) $3,671.98[.]"  Defendants included a copy
8   of the judgment with the notation on it in their June 4, 2004 response to Plaintiff's demand
9   for copies of all documents relating to her alleged debt. Doc. #17 Ex. 6.

10  In their response to Plaintiff's cross-motion, Defendants have presented evidence that
11  the notation on the judgment was written by someone from Desert Club, not by Defendants.
12  Doc. #23 Exs. 7 at 18:10-19, 8 ¶ 3; *see* Doc. #22 at 7-8.  Defendants also have presented
13  evidence that in attempting to collect a total of $4,295.95 from Plaintiff, Defendants relied
14  on an itemized statement of account that they received from Desert Club and provided to
15  Plaintiff, rather than the handwritten notation on the Justice Court Suit judgment.  *Id.*
16  Plaintiff does not dispute this evidence or address this issue in her reply.  Doc. #25.  The
17  Court will accordingly grant Defendants' motion for summary judgment and deny Plaintiff's
18  cross-motion with respect to this issue.

19  **C.     The Notice of Debt Requirements Under § 1692g(a) of the FDCPA.**

20  Defendant Wilson has testified that Defendants sent their initial collection letter to
21  Plaintiff on March 11, 2004 and second letter on April 12, 2004. Doc. #17 Exs. 1 ¶ 3, 3-4.
22  Defendants argue that the March 11 letter notified Plaintiff of her rights with respect to the
23  alleged debt as required by § 1692g(a) of the FDCPA. Doc. #16 at 7-9.[7]

24  In *Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197 (9th Cir. 1999), the

25

_____

26  [7]Section 1692g(a) provides that "[w]ithin five days after the initial communication with a
    consumer in connection with the collection of any debt, a debt collector shall . . . send the
27  consumer a written notice containing" the information described in subsections (1) through
28  (5) of § 1692g(a).

1    Ninth Circuit held that § 1692g(a) "requires only that a [n]otice be 'sent' by a debt collector"

2    and that a debt collector "need not establish actual receipt by the debtor." 171 F.3d at 1201.

3    The defendants in *Mahon* presented evidence that they had sent a notice to the plaintiffs via

4    first class mail and pursuant to the defendants' standard business practice. *Id.* at 1199. The

5    defendants presented evidence that they utilized a computerized collection tracking and filing

6    system, which generated standardized collection notices. The collection notices were then

7    mechanically addressed, stuffed, and posted by another machine. The defendants used the

8    computerized system to ensure that the notices were properly mailed and they monitored

9    collection activity on each account, routinely noting whether a notice was returned

10   undelivered. *Id.* Because the plaintiffs had presented no evidence suggesting that the

11   defendants did not send the required notice to the plaintiffs, the Ninth Circuit affirmed the

12   district court's ruling granting the defendants' motion for summary judgment. *Id.* at 1201-02

13   ("The Mahons have not raised a genuine issue of material fact to dispute that the Credit

14   Bureau sent them the required Notice. . . . The Mahons offered no evidence that the Credit

15   Bureau failed to follow its ordinary business procedure in sending them the Notice. They

16   simply say they did not receive the Notice[.]"); *see Van Westrienen v. Americontinental*

17   *Collection Corp.*, 94 F. Supp. 2d 1087, 1098 (D. Or. 2000) ("Plaintiffs have not presented

18   any evidence that defendants did not send the Notice. Instead, as in *Mahon*, they simply

19   assert that they never received it.").

20        Defendants in this case have presented only Defendant Wilson's conclusory testimony

21   that Defendants sent the March 11 letter to Plaintiff. Doc. #17 Ex. 1 ¶ 3. Unlike the

22   defendants in *Mahon*, Defendants have presented no evidence explaining how the March 11

23   letter was sent or describing Defendant's business practices with respect to the sending of

24   notices required by § 1692g(a).

25        Plaintiff has testified that she received only one collection letter from Defendants

26   dated May 27, 2004. Doc. #18 Ex. 1 ¶¶ 3-5. Plaintiff argues that the May 27 letter did not

27   notify her of her rights with respect to her alleged debt and that Defendants did not notify

28

1   her of such rights within five days of May 27 as required by § 1692g(a). *Id.* at 10-11, 15.[8]

2   Plaintiff further argues that Defendants' claim that they sent the March 11 and April 12

3   letters is untenable because (1) while the April 12 letter notes that it is a followup letter, the

4   May 27 letter does not note that it is a third collection letter and (2) Defendants did not

5   include the March 11 and April 12 letters in their response to Plaintiff's June 2, 2004 demand

6   for "copies of all documents concerning [Plaintiff] or the debt, including . . . correspondence

7   letters[.]"  Doc. #18 at 10-11(emphasis in original); *see* Doc. # 17 Exs. 5-6.[9]

8       The Court will deny the motions for summary judgment with respect to this issue

9   because there are genuine issues of material fact as to whether Defendants actually sent the

10   March 11 letter to Plaintiff.  With respect to Defendants' motion, Plaintiff has presented

11   evidence impeaching the credibility of Defendant Wilson's testimony that Defendants sent

12   the March 11 letter to Plaintiff.  "Credibility determinations, the weighing of evidence, and

13   the drawing of inferences from the facts are jury functions, not those of [the Court]."

14   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  With respect to Plaintiff's

15   cross-motion, Defendant Wilson's testimony that Defendants sent the March 11 letter to

16   Plaintiff must be believed and all justifiable inferences must be drawn in Defendants' favor

17   because they are the non-moving parties. *See id.*

18       **IT IS ORDERED** that Defendants' motion for summary judgment (Doc. #16)

19   and Plaintiff's cross-motion for summary judgment (Doc. #18) are **granted in part** and

20   **denied in part** as set forth in this order.

21       **IT IS FURTHER ORDERED** that Plaintiff's motion to strike (Doc. #29-1) and

22   motion for sanctions (Doc. #29-2) are **denied**.

23   _____

24   [8]Plaintiff does not dispute that the purported March 11 letter satisfies the notice requirements of § 1692g(a).

25

26   [9]Plaintiff demanded copies of all relevant documents pursuant to Arizona Administrative Code § R20-4-1514, which provides, in pertinent part:  "A debtor shall have the right of

27   access to a collection agency's books and records concerning the debtor or the debt.  Upon request, the collection agency shall provide to the debtor without cost, copies of any

28   document relevant to the debt or its collection."

The Court will set a pretrial conference by separate order.

DATED this _10th_ day of June, 2005.

David G. Campbell
United States District Judge